**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| ALBERT PALOMAR, individually, and on behalf of others similarly situated, | ) )  ) **CLASS ACTION COMPLAINT** ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 1:19-CV-4693 ) |
| SMC CORPORATION OF AMERICA, | ) ) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**I.      STATEMENT OF THE CASE**

Plaintiff Albert Palomar ("Plaintiff" or "Palomar") brings this Rule 23 class action complaint against Defendant SMC Corporation of America ("SMC Corporation") under the Indiana Wage Payment Statute.  Palomar's complaint addresses a class-wide violation of the Indiana Wage Payment Statute that SMC Corporation is committing against its employees. This class action claim protects employees of SMC Corporation who worked throughout the United States and who had deductions made from their pay related to their use of a company vehicle. Palomar will serve as class representative of current and former employees of SMC Corporation who were victims of SMC Corporation's class-wide wage violations.  Specifically, SMC Corporation is and has been taking illegal wage deductions from its employees' earned wages in such a manner that every deduction violates the mandatory requirements of the Indiana Wage Assignment Statute.  See I.C. 22-2-6-2.  These deductions which violate the Indiana Wage

1

Assignment Statute, I.C. 22-2-6-2, result every time in the underpayment of wages in violation of the Indiana Wage Payment Statute, I.C. 22-2-5.

Palomar's class action claim based upon SMC Corporation's illegal wage deductions is perfect for class treatment and will be easy to prove. All of SMC Corporation's wage violations will be shown on the face of its pay stubs to employees, which show every illegal wage deduction taken from every employee subject to such deduction.

This class action claim is brought in this U.S. District Court pursuant to the Class Action Fairness Act, see 28 USC § 1332(d). Palomar's class action claims involve $5,000,000 or more in damages.

## II. FACTUAL ALLEGATIONS

1. Palomar is a resident of the State of California, and is domiciled in South San Francisco, San Mateo County, California. Palomar is a former employee of SMC Corporation. Palomar began his employment with SMC Corporation in April 2018 and worked until he voluntarily resigned his employment on August 7, 2019.

2. SMC Corporation is an Indiana domestic corporation with its primary headquarters in Noblesville, Hamilton County, Indiana. SMC Corporation employed Palomar at both its San Jose, California location and at its Noblesville, Indiana location. Based upon information and belief, SMC Corporation employs or employed at least 1,000 employees in the State of Indiana, at its Noblesville, Indiana facility. Also, based on information and belief, SMC Corporation employs or employed at least 2,000 employees throughout the United States.

3. Beginning in approximately December 2018 and continuing until Palomar's resignation on or around August 7, 2019, SMC Corporation required Palomar to drive a company car for his role as an Account Representative.

4. Palomar and all other SMC Corporation employees who drive a company vehicle were and are subject to "User Fee", which is a sum of money deducted from the employees paycheck. For example, beginning on his February 1, 2019 paycheck and as identified on the paystub for that pay period, SMC Corporation deducted $83.08 for a "User Fee" from Palomar's earned wages. SMC Corporation continued this practice, deducting $83.08 for a "User Fee" from each of Palomar's bi-weekly paychecks, through his final paycheck in August 2019.

5. SMC Corporation, from approximately February 2019 through August 2019, deducted a total of at least $1,163.12 from Palomar's earned wages for a "User Fee" related to his use of SMC Corporation's company vehicle.

6. SMC Corporation employs approximately 800 or more Account Representatives and sales personnel throughout the United States and who are required by SMC Corporation to use a company vehicle. These individuals are also required by SMC Corporation to have the "User Fee" deducted from their earned wages on a bi-weekly basis. SMC Corporation has been making these "User Fee" deductions from its employees' earned wages regularly and for each and every pay period since at least October 2014.

7. SMC Corporation employees who choose to allow their spouse or registered domestic partner to drive the company vehicle are required to have an additional $75.00 deducted from their wages each month.

8. SMC Corporation subjected Palomar and all employees with an SMC Corporation company vehicle to illegal wage deductions that violated the mandatory requirements of the Indiana Wage Assignment Statute. See I.C. 22-2-6-2.

9. Palomar is specifically alleging that SMC Corporation has taken illegal deductions in violation of the Indiana Wage Assignment Statute, I.C. 22-2-6-2, and in so doing,

SMC Corporation has failed and refused to pay Palomar and each and every other similarly situated employee his/her wages in full in each and every pay period that SMC Corporation took a "User Fee" wage deduction from an employee.

10. Every SMC Corporation employee was harmed in the exact same way, regardless of where the employee worked for SMC Corporation in the United States.

11. SMC Corporation has and had no legal authority to take any of the wage deductions at issue in this class action lawsuit, because SMC Corporation did not have valid, signed written wage assignments from any employees which complied with all of the mandatory requirements of the Indiana Wage Assignment Statute, I.C. 22-2-6-2, which is necessary to allow SMC Corporation to legally take certain types of deductions from its employees' wages.

12. For purposes of this class action lawsuit, Palomar is similarly (and identically) situated to all SMC Corporation employees throughout the United States who were subjected to one or more unlawful wage deductions taken by SMC Corporation pursuant to its company-wide written policy related to its company vehicles for a "User Fee".

13. All employees of SMC Corporation who were given a company vehicle were required, as a condition of employment, to drive a company vehicle and be subject to a "User Fee" deduction from their earned wages.

14. At all times relevant to this lawsuit, SMC Corporation did not have valid wage assignments of any kind from employees who were given a required company vehicle.

15. At all times relevant to this lawsuit, SMC Corporation did not have a wage assignment from employees who were given a required company vehicle, that was:

"(A) In writing; (B) signed by the employee personally; (C) by its terms revocable at any time by the employee upon written notice to the employer; and (D) agreed to in writing by the employer." See I.C. 22-2-6-2(a)(1).

16. Every wage deduction SMC Corporation took from Palomar and all of his similarly situated coworkers for a "User Fee" related to a company vehicle was illegal and in violation of the Indiana Wage Payment Statute and the Indiana Wage Assignment Statute for at least three reasons:

    a. First, and for the reasons stated in Paragraph 15 above, SMC Corporation did not have a valid wage assignment from employees for these "User Fee" deductions that complied with I.C. 22-2-6-2(a)(1)(A) - (D).

    b. Second, SMC Corporation did not have a valid wage assignment from employees for these "User Fee" deductions that complied with I.C. 22-2-6-2(a)(2) because an executed copy of any valid wage assignment was not "delivered to the employer within ten (10) days after its execution."

    c. Third, SMC Corporation did not have a valid wage assignment from employees for these "User Fee" deductions because any assignment for the "User Fee" deduction was not made for a purpose described in subsection (b)". See I.C. 22-2-6-2(a)(3). A "User Fee" relating to the use of a company vehicle is not identified as one of the permitted purposes for a wage assignment listed in I.C. 22-2-6-2(b). To be clear, employees given a company vehicle and subjected to this "User Fee" are in no way purchasing these company vehicles via these "User Fee" deductions. SMC Corporation, at all relevant times, made it clear to these employees that the vehicles are SMC

Corporation property.

This means that every wage deduction taken by SMC Corporation from every employee for a "User Fee" relating to a company vehicle was unlawful and a violation of the Indiana Wage Payment Statute.

17. Palomar was an actual victim of SMC Corporation's unlawful wage deductions during his employment with SMC Corporation. Palomar had sums deducted from his wages pursuant to the terms of SMC Corporation's company vehicle "User Fee" policy.

18. Deductions were taken from Palomar's wages to cover the costs of SMC Corporation's company vehicle.

19. SMC Corporation intentionally and knowingly violated its employees' rights to earned wages through SMC Corporation's illegal wage assignment and wage deduction practices.

20. Palomar and all similarly situated employees of SMC Corporation have been harmed by SMC Corporation's published and systematic policies and practices of taking illegal wage deductions, all of which profited SMC Corporation and worked to the detriment and harm of SMC Corporation employees who were required to drive company vehicles. These illegal wage deductions are clearly the product of a conscious policy decision made by SMC Corporation to pay these employees less than their full, earned wages.

21. SMC Corporation's class-wide, illegal wage deductions constitute intentional, deliberate and bad faith violations of the Indiana Wage Payment Statute.

22. In Palomar's case, as has been true in the cases of many current and former SMC Corporation employees, SMC Corporation has failed and refused to make a payment of all accrued wages on the date those wages became due, all in violation of the Indiana Wage Payment Statute.

23. Important to this class action complaint, the Indiana Wage Payment Statute provides specific protections to wage earners which may not be waived or contracted away.

24. As described above, Palomar believes and asserts that approximately 800 or more putative class members have been similarly subjected to SMC Corporation's unlawful wage deductions and have claims under the Indiana Wage Payment Statute, but certainly the class consists of well over 100 members. Palomar asserts that there is certainly more than Five Million Dollars ($5,000,000.00) in controversy in this action, particularly as the aggregate unpaid wages owed to the class based upon cumulative wage deductions plus the liquidated damages under the Indiana Wage Payment Statute which are equal to an additional two times the aggregate, class-wide wage deductions should total well in excess of Five Million Dollars ($5,000,000.00). Finally, Palomar is a citizen of the State of California. SMC Corporation is a citizen of the State of Indiana. Diversity jurisdiction exists for purposes of this Court's jurisdiction under the Class Action Fairness Act. 28 USC § 1332(d).

25. By way of this Complaint, Palomar seeks for himself and for all other similarly situated employees and former employees of SMC Corporation throughout the United States, all unpaid wages (illegally deducted wages), and any and all liquidated

damages owed to each. Additionally, Palomar seeks payment of his reasonable attorney's fees, costs and expenses.

### III. CLASS ACTION ALLEGATIONS

26. Palomar incorporates herein by reference paragraphs 1 - 25 above.

27. This Complaint is brought as a class action on behalf of other current and former SMC Corporation employees throughout the United States who were similarly denied payment of wages under SMC Corporation's compensation scheme that involved unlawful wage deductions.

28. With respect to Rule 23(b)(3) class action claims, Palomar will serve as class representative over the following class:

> Palomar will serve as class representative for the class-wide claims brought under the Indiana Wage Payment Statute. This action is filed as a class action pursuant to Rule 23 of the Indiana Rules of Trial Procedure on behalf of Palomar and on behalf of all eligible SMC Corporation current and former employees throughout the United States who were damaged by SMC Corporation's compensation system which required and resulted in illegal wage deductions. By virtue of the class action, Palomar represents the identical and/or similar interests of former and current coworkers who were denied wages under the same circumstance.

29. As an Indiana employer, SMC Corporation is liable for payment of unpaid wages, liquidated damages, attorney's fees and costs under the Indiana Wage Payment Statute owed to Palomar and other members of the class regardless of where Palomar and/or each member of the class physically worked. See *Huff v. Biomet, Inc.,* 654 N.E.2d 830, 834–35 (Ind. Ct. App. 1995*), abrogated by St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699 (Ind. 2002) ("The Wage Payment Statute does not impose any restriction on the employee but instead the plain language of the statute dictates that the applicability of the Wage Payment Statute rests solely upon whether the employer

is doing business in Indiana. *See* I.C. 22–2–5–1(a). Because Biomet was a corporation doing business in Indiana, we determine that it was subject to the Wage Payment Statute.")

30. The number of SMC Corporation's current and former employees who will be members of this class action is so great (numerosity) that joinder of all members is impractical. Instead, Palomar will pursue discovery to obtain the names of the other current and former SMC Corporation employees, to provide notice of the class action and to offer the opt out opportunity.

31. Particularly with the type of wage claim and practice at issue in this case, there are questions of law and fact that are common to the entire class.

32. Palomar's claims are typical of the claims of the whole group of current and former employees harmed by SMC Corporation's illegal wage deductions. Palomar's claims are typical of the claims of the whole class of current and former SMC Corporation employees harmed by SMC Corporation's illegal wage practices.

33. Palomar will act to fairly and adequately protect the interests of the entire class of current and former SMC Corporation employees.

34. A class action is superior to other available means for the fair and efficient prosecution of these wage claims against SMC Corporation. For example, to prove SMC Corporation's illegal wage practices, Palomar and other members of this class would seek in discovery records about all similarly situated current and former SMC Corporation employees who were similarly subjected to illegal wage deductions. Individual lawsuits by the members of the class could lead to 1) inconsistent or varying outcomes in the

cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

35. A determination regarding the "similarness" of those able to participate in the class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

36. A class action will result in an orderly and expeditious administration of the class members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

## IV. JURISDICTION AND VENUE

37. This Court has jurisdiction over this class action brought under the Indiana Wage Payment Statute by virtue of the Class Action Fairness Act. 28 USC § 1332(d). The class consists of far more than 100 class members. There is greater than $5,000,000.00 in controversy. Diversity jurisdiction exists because Palomar is a citizen of the State of California and SMC Corporation is a citizen of the State of Indiana.

38. This Court is the appropriate venue for this cause of action as SMC Corporation is an Indiana domestic corporation and is headquartered and resides in Noblesville, Hamilton County, Indiana.

### V.  INDIANA WAGE PAYMENT STATUTE CLAIM

39. Palomar incorporates herein by reference paragraphs 1 through 38 above.

40. Palomar is the named Plaintiff whose Indiana statutory wage claim arises under the Indiana Wage Payment Statute, I.C. 22-2-5, and the Plaintiff who represents the same or similar interests of all current and former SMC Corporation employees who voluntarily resigned from employment.

41. By way of this Claim and pursuant to I.C. 22-2-5-2, Palomar is seeking, individually and on behalf of members of the Plaintiff Class of current and former SMC Corporation employees throughout the United States, all available damages, including all unpaid wages, all illegally deducted wages, all available liquidated (an amount equal to two times the illegally deducted wages) damages, all attorney's fees, costs and expenses, plus any other damage to which Palomar and his fellow Plaintiff Class members may be entitled pursuant to law.

42. SMC Corporation's failure to pay Palomar and all of his fellow class members their wages in full, particularly the wages it unlawfully deducted from pay checks, constitutes bad faith action.  SMC Corporation can certainly not claim that it was acting in good faith when it intentionally instituted a scheme of illegal wage deductions which plainly violate the Indiana Wage Assignment Statute.  I.C. 22-2-6-2.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Palomar respectfully requests that the Court enter judgment against SMC Corporation of America and issue all available relief to him and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all liquidated damages, payment of his attorney's fees, costs and expenses;

2. All unpaid and illegally deducted wages;

3. All reasonable attorney's fees and expenses;

4. Costs;

5. An injunction effective to prevent SMC Corporation of America from continuing its unlawful wage practices which violate the Indiana Wage Payment Statute, including all policies/practices whereby SMC Corporation takes illegal wage deductions and all policies/practices which result in SMC Corporation's failure to pay to its employees earned wages in full and on time;

6. Prejudgment interest, if available; and

7. Any and all other relief just and proper in the premises.

Respectfully submitted,

THE LAW OFFICE OF ROBERT J. HUNT, LLC


/s/Robert J. Hunt
Robert J. Hunt (No. 30686-49)
Robert F. Hunt (No. 7889-84)
1905 South New Market St., Ste. 220
Carmel, IN 46032
Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-mail: rob@indianawagelaw.com
rfh@indianawagelaw.com

HASSLER KONDRAS MILLER LLP


Robert P. Kondras, Jr.

Attorney No. 18038-84  
100 Cherry Street  
Terre Haute, IN 47807  
Telephone:	(812) 232-9691  
Facsimile:	(812) 234-2881  
E-mail	kondras@hkmlawfirm.com