UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALBERT PALOMAR, <br> FOSTER MITCHELL, <br> DANTE HUTTON, <br> TAYLOR KIRBY, and <br> MATTHEW BRADBURN, <br><br> Plaintiffs, <br><br> v. <br><br> SMC CORPORATION OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:19-cv-04693-RLY-MJD <br> ) <br> ) <br> ) <br> ) |

**ENTRY ON PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY
A COLLECTIVE ACTION AND FACILITATE NOTICE
PURSUANT TO 29 U.S.C. § 216(b)**

Foster Mitchell, Dante Hutton, and Taylor Kirby, Plaintiffs, seek to conditionally certify a collective action against SMC Corporation of America, Defendant, pursuant to 29 U.S.C. § 216(b).[1] Plaintiffs allege that for the duration of an employer-mandated training program, SMC failed to pay class members full, minimum wages that were free and clear and not subject to a kickback for a period of 18 months. Specifically, Plaintiffs claim that as a condition of their employment, SMC required that the employees attend a five-month training program at SMC's training facility in Noblesville, Indiana. Plaintiffs were also required to sign an agreement in which Plaintiffs acknowledged SMC retained

---

[1] Plaintiffs, including Albert Palomar, also filed a class action against SMC pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Filing No. 84). Palomar does not bring an FLSA claim against SMC in this action because SMC filed a lawsuit against him in Hamilton County Superior Court. Palomar asserted his FLSA claims as a counterclaim against SMC in that action.

1

a right to recover costs for training, accommodations, and relocation in the event the employee left employment during training or within 18 months after transferring to an SMC branch.  According to Plaintiffs, this practice violated the Fair Labor Standards Act's ("FLSA") requirement that employers must pay their employees a minimum wage free and clear and not subject to a kickback.  Plaintiffs also seek leave to issue notice to potential plaintiffs and an order compelling SMC to disclose information identifying potential plaintiffs.  SMC opposes certification and argues the scope of the proposed class is overly broad and the proposed notification procedures are unduly burdensome.  For the reasons that follow, the court **GRANTS in part** Plaintiffs' Motion to Conditionally Certify a Collective Action and Facilitate Notice Pursuant to 29 U.S.C. § 216(b).

**I.     Background**

Plaintiffs began their employment with SMC as sales trainees.  (Filing No. 22-1, Declaration of Taylor Kirby ("Kirby Decl.") ¶ 2; Filing No. 22-2, Declaration of Dante Hutton ("Hutton Decl.") ¶ 2; Filing No. 22-3, Declaration of Foster Mitchell ("Mitchell Decl.") ¶ 2).  As sales trainees, Plaintiffs worked in Non-Exempt positions for purposes of federal wage-hour laws.  (Hutton Decl. ¶ 9; Mitchell Decl. ¶ 9; Kirby Decl. ¶ 9).  Kirby worked for SMC from July 2018 until December 2018, (Kirby Decl. ¶¶ 2-3), Hutton from April 2018 until October 2019, (Hutton Decl. ¶¶ 2-3), and Mitchell from July 2018 until October 2019. (Mitchell Decl. ¶¶ 2-3).  At the time of their resignations, each of the plaintiffs were Account Representatives, except for Kirby, who resigned while he was still a sales trainee.  (Hutton Decl. ¶ 3; Mitchell Decl. ¶ 3; Kirby Decl. ¶ 3).

At the beginning of their employment and as a condition of employment, Plaintiffs were each required to sign a contract titled "Training-, Relocation- and Accommodation-Related Expenses Reimbursement Agreement." (Hutton Decl. ¶ 5; Mitchell Decl. ¶ 5; Kirby Decl. ¶ 5; Filing No. 16-1, Training Agreement). Under the Training Agreement, Plaintiffs acknowledged that the cost to SMC of providing sales-related training to its sales staff is at least $14,700, while the cost related to furnishing accommodation during the training period is at least $3,500. (Training Agreement ¶¶ 1-2). SMC would also provide a relocation allowance for sales staff who are assigned to one of SMC's branch locations. (*Id.* ¶ 3). However, the Training Agreement also provided that these costs would be considered a loan to the employee, and that SMC would forgive the loan amount unless the employee left SMC voluntarily or involuntarily during training or within 18 months thereafter, in which case the employee would be required to repay those costs. (*Id.* ¶ 6).

Each of the plaintiffs resigned from SMC before the 18-month period ended. Following Kirby's resignation during training, he received a letter from SMC demanding that he repay the $18,200 in costs associated with training and accommodations. (Kirby Decl. ¶ 14; Filing No. 16-3, Kirby Letter). Kirby complied, but ultimately paid $17,795.12, because SMC deducted $404.88 from his final paycheck. (Kirby Decl. ¶ 14). Hutton and Mitchell also received a letter demanding they repay $18,200, though neither of them appear to have done so. (Hutton Decl. ¶ 14; Filing No. 16-4, Hutton Letter; Mitchell Decl. ¶ 14; Filing No. 16-5, Mitchell Letter).

All sales trainees were paid an hourly rate of $16.83 during the training period, and the trainees worked approximately 40 hours per week. (Hutton Decl. ¶ 10; Mitchell Decl. ¶ 10; Kirby Decl. ¶ 10). The hourly wages Plaintiffs earned during the training period were less than the amount SMC demanded Plaintiffs repay. (Hutton Decl. ¶ 15; Mitchell Decl. ¶ 15; Kirby Decl. ¶ 15).

Plaintiffs seek to certify a collective action of "all current and former sales trainees and Account Representatives (or their functional equivalents) who were employed by SMC Corporation and required to undergo training at SMC Corporation's facility in Noblesville, Indiana during the three-year period prior to the date the Court approves the instant motion."

**II.     Motion to Certify Collective Action**

The Fair Labor Standards Act gives employees the right to assert their FLSA claims as a collective action on behalf of themselves and other "similarly situated" employees. *Alvarez v. Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b)). Collective actions are similar to class actions brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, but plaintiffs who wish to participate in a collective action must affirmatively opt-in to the suit by filing a written consent with the court. *Id.*

Courts in this circuit commonly apply a two-stage inquiry to determine whether an FLSA claim may proceed as a collective action. *Hawkins v. Alorica, Inc.*, 287 F.R.D. 431, 438 (S.D. Ind. 2012). At the first stage, known as the notice stage, plaintiffs "must make a modest factual showing" that they and other potential plaintiffs were subjected to a common policy or plan that allegedly violated the law. *Smith v. Pro. Transp. Inc.*, No.

3:13-CV-00221-RLY-MPB, 2018 WL 573098, at * 8 (S.D. Ind. Jan. 26, 2018) (internal quotations omitted). Plaintiffs need only demonstrate "that there is some factual nexus" connecting them to other potential plaintiffs. *Streeter-Dougan v. Kirkston Mortg. Lending, LLC*, No. 3:13-CV-00166-RLY, 2013 WL 6174936, at *1 (S.D. Ind. Nov. 21, 2013). At the second stage, which occurs after discovery is largely completed, the court may determine whether the class should be decertified or restricted because putative class members are not in fact similarly situated. *Id.* The second stage is a more "stringent inquiry." *Hawkins*, 287 F.R.D. at 439.

    This case is at the first stage, and Plaintiffs have satisfied their modest threshold burden of showing that there is a factual nexus connecting them to other potential plaintiffs. Plaintiffs submitted declarations attesting that: all sales trainees were required to attend the training program at SMC's training academy in Indiana; as sales trainees, they worked in Non-Exempt positions for purposes of federal wage-hour laws; all sales trainees were required to sign the same Training Agreement; the Training Agreement outlined the "loan" scheme under which SMC required employees to repay the costs associated with training, accommodations, and relocation should they quit within 18 months; they were paid the same hourly wage during the training period; and during that training period, they earned less than the $18,200 in training and accommodations costs that SMC seeks to recoup. This is sufficient to find a factual nexus connecting Plaintiffs to other potential plaintiffs.

    SMC claims that any putative collective action must not be based on a legally infirm claim. SMC then offers several arguments for why Plaintiffs' claim fails as a

5

matter of law. That is not before the court at this stage. Conditional certification does not require Plaintiffs prove their claim. *See e.g., Scott v. NOW Courier, Inc.*, No. 1:10-CV-971-SEB-TAB, 2012 WL 1072751, at *7 (S.D. Ind. Mar. 29, 2012); *Cheesman v. Nexstar Broad. Grp., Inc.*, No. 2:07-CV-360-RLY-WGH, 2008 WL 2225617, at *2 (S.D. Ind. May 27, 2008).

      SMC also argues that Plaintiffs' proposed class definition is overly broad, as it is not tied to employees who signed the Training Agreement, nor is it limited to those employees who have actually repaid the loan. The court agrees with the first argument but not the second. First, Plaintiffs acknowledge in their declarations that all sales trainees were required to attend the training program, and all sales trainees who attended the training program signed the Training Agreement. It is pursuant to that agreement that SMC subjects Plaintiffs to the allegedly unlawful "loan" scheme. The court agrees that the class definition should include those who signed the Training Agreement. As for SMC's argument that the class should be limited to those who actually repaid the loan, that misses the point. Plaintiffs challenge the legality of SMC's "loan" practice. All sales trainees and Account Representatives who signed the Training Agreement remain subject to that scheme, regardless of whether SMC has opted to enforce it. Whether a potential plaintiff repaid the training, accommodation, and relocation money may be relevant to damages, but it is not relevant to certification. Because Plaintiffs have made the "modest factual showing" at this stage, the court conditionally certifies the class subject to the limitation discussed above.

### III.    Approval of Notice

After conditionally certifying a collective action, the court may, at its discretion, authorize notice to similarly situated employees. *Horta v. Indy Transp., Inc.*, No. 1:20-CV-02659-SEB-MJD, 2021 WL 1667078, at *3 (S.D. Ind. Apr. 28, 2021). Plaintiffs filed a Notice of Collective Action Lawsuit and seek leave to issue the notice to potential plaintiffs. Plaintiffs also ask this court to order SMC to disclose to Plaintiffs' counsel certain contact information of potential plaintiffs in a useable electronic format within seven days of this Entry.

The proposed notice and consent form includes all the information typically required for approval: it explains why the potential plaintiff received the letter, provides the factual background and procedural posture of the case, and explains how eligible class members may opt-in to the lawsuit. *See id.* Accordingly, the court approves the notice and consent form, subject to the limitation discussed above. SMC shall disclose to Plaintiffs' counsel the names, home addresses, and email addresses of all potential plaintiffs in a useable electronic format within fourteen days of this Entry.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Conditionally Certify a Collective Action and Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (Filing No. 21) is **GRANTED in part.** The court conditionally certifies the following class:

> All current and former sales trainees and Account Representatives (or their functional equivalents) who were employed by SMC Corporation and required to undergo training at SMC Corporation's facility in Noblesville, Indiana, and who signed the Training-, Relocation- and Accommodation-Related Expenses Reimbursement Agreement as a condition of their employment during the three-year period prior to the date the Court approves the instant motion.

Plaintiffs shall submit a revised proposed Notice in compliance with this Entry within fourteen days of this Entry. Defendant is hereby **ORDERED** to submit to Plaintiffs' counsel a list of the names, home addresses, and email addresses (if available) of all potential plaintiffs in a useable electronic format within fourteen days of this Entry.

**SO ORDERED** this 27th day of September 2021.

                                                RICHARD L. YOUNG, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.