# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **ALBERT PALOMAR, FOSTER MITCHELL, DANTE HUTTON, TAYLOR KIRBY, R. DALE GRIGGS, STEFANI BENDICION and MATTHEW BRADBURN, individually and on behalf of others similarly situated,** | **Case No. 19-CV-4693-RLY-MJD** |
| | **Judge Richard Young** |
| **Plaintiffs,** | |
| **v.** | |
| **SMC CORPORATION OF AMERICA,** | |
| **Defendant.** | |

## JOINT STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION CLAIMS

This Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement," "Stipulation," or "Agreement") is entered between Albert Palomar, Foster Mitchell, Dante Hutton, Taylor Kirby, R. Dale Griggs, Stefani Bendicion, and Matthew Bradburn, on behalf of themselves and each of the Class Members as defined herein ("Plaintiffs" or "Class Representatives"), on the one hand, and SMC Corporation of America ("Defendant" or "SMC Corporation"), on the other hand, in the above-captioned action ("Action").

## I. BENEFITS OF SETTLEMENT

1. The parties recognize the risk, uncertainty, expense, and delay associated with continued litigation through summary judgment, trial, and any possible appeals. This Agreement will provide a substantial and definite monetary settlement for Class Members. Based on the foregoing, the Plaintiffs and Plaintiffs' Counsel have determined that the Settlement set forth in this Agreement is a fair, adequate, and reasonable settlement, and is in the best interests of the

DocuSign Envelope ID: E910401F-AF14-40BB-9FB6-3C9E0D0CBC0E7
Case 1:19-cv-04593-RLV-JKL Document 204-9 Filed 12/05/23 Page 2 of 22 PageID #: 3013
Case 1:19-cv-04593-RLV-JKL Document 209 Filed 12/05/24 Page 2 of 21 PageID #: 3253

Class Members. For its part, Defendant agrees that the Settlement represents a reasonable resolution of the dispute between the parties and is in the best interests of SMC Corporation.

2.      The Parties agree to cooperate and take all necessary and appropriate steps to effectuate the terms of this Settlement, and, upon the entry of an order granting final approval to this Settlement, shall dismiss with prejudice all claims as set forth below.

## II.      SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Plaintiffs on behalf of the Class on the one hand, and Defendant on the other hand, and subject to the approval of the Court, that the Action be compromised and settled pursuant to the terms and conditions set forth in this Agreement and that upon Final Approval (as defined below), the Action shall be dismissed with prejudice, subject to the following terms and conditions:

### 1.  Definitions.

As used in this Settlement, the following terms are defined as follows:

"Nationwide Class Member" means all present and former SMC Corporation of America employees who were subjected to one or more 'User Fee' wage deductions at any time from November 26, 2014 to the present, but excluding those who worked in Indiana or Illinois and those who previously opted out of this Action. For purposes of this Settlement, the Nationwide Class is represented by Albert Palomar, Foster Mitchell, Dante Hutton, and Taylor Kirby.

"Indiana Class Member" means all present and former SMC Corporation of America employees who were subjected to one or more 'User Fee' wage deductions at any time from November 26, 2014 to the present, and who worked in Indiana but excluding those who previously opted out of this Action. For purposes of this Settlement, the Indiana Class is represented by Dale Griggs.

"Illinois Class Member" means all present and former SMC employees who worked in Illinois and were subjected to one or more 'User Fee' wage deductions at any time from April 26, 2013 to the present, but excluding any individuals who previously opted-out of this Action. For purposes of this Settlement, the Illinois Class is represented by Stefani Bendicion.

"Class Member" shall mean any Nationwide Class Member, Indiana Class Member, Illinois Class Member, FLSA Opt-In Plaintiff, and Named Plaintiff.

"Effective Date" means the latest date after which all of the following have occurred: (1) this Joint Stipulation and Agreement to Settle Class Action has been executed by all Parties and counsel for the Settlement Class, the Named Plaintiffs, and Defendant; (2) the Court has given preliminary approval; (3) notice has been given to the Class Members, providing them with an opportunity to opt out of the Settlement; (4) the Court has granted Final Approval; and (5) the later of the following events: (a) when the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ, or other appellate proceeding having been filed; (b) when any appeal, writ, or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or (c) when any appeal, writ, or other appellate proceeding has upheld in all respects the Court's Final Approval with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further legal recourse by an appellant or objector who seeks to contest the Settlement.

"Final Approval" means the date on which the Court finally approves this Settlement as provided herein and the Court enters Final Judgment and Order of Dismissal with Prejudice ("Final Judgment" or "Judgment").

"FLSA Opt-In Plaintiffs" means Bryan Stef, Mitch Thammarath, Jacob Gleason, Tyler Nieto, David VanAuker, Robert Scott McPherson, Debra Gould, Adam Kaufman, Alaysia Hill-Alexander, Veronica Kittrell, John Bridger Popish, and Riley Cordeiro, each of whom signed a Training Agreement as a condition of their employment with Defendant that included certain loan repayment provisions in the event their employment with SMC terminated for certain reasons within a defined period of time (the "Training Agreement").

The term "Settlement Fund" shall refer to the money that Defendant will pay to fully and finally resolve this Action, which shall consist of a total amount of $1,700,000.00. SMC will reserve the portion of the Settlement Fund that represents the settlement payment amounts due to Class Members employed by SMC Corporation as of the Effective Date (the "SMC Employed Class Members"). The balance of the Settlement Fund shall be paid by SMC into a Qualified Settlement Fund, in accordance with Paragraph V.2 below, which shall include all amounts to Class Members who are not SMC Employed Class Members, the FLSA Opt-In Plaintiffs, the Named Plaintiffs, all attorneys' fees and costs, any Class Representative Incentive Award, and the costs of settlement administration. Under no circumstances shall SMC Corporation be liable for more than $1,700,000 under this Settlement.

The term "Settlement Administrator" means Simpluris, Inc. ("Simpluris").

The term "Parties" means the Plaintiffs (including on behalf of themselves and the Class Members) and Defendant.

The term "Plaintiffs' Counsel" and "Class Counsel" means Hughes Socol Piers Resnick & Dym, Ltd., Hassler Kondras Miller, LLP and The Law Offices of Robert J. Hunt, LLC.

The term "Illinois Action" means *Stefani Bendicion v. SMC Corporation of America*, No. 23 CH 4140 (Cir. Ct. Cook County, Illinois).

4

## 2. Qualified Settlement Fund.

The Settlement Administrator will establish a "Qualified Settlement Fund" within the meaning of Treasury Regulations § 1.468B-1, et seq. In connection with Defendant's transfer of funds into the Qualified Settlement Fund, the following definitions will apply:

a.      Defendant will be a "transferor" within the meaning of Treasury Regulation § 1.468B-1(d)(1) to the Qualified Settlement Fund with respect to the amounts transferred;

b.      The Settlement Administrator will be the "administrator" of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), responsible for causing the filing of all tax returns required to be filed by or with respect to the Qualified Settlement Fund, paying from the Qualified Settlement Fund any taxes owed by or with respect to the Qualified Settlement Fund, and complying with any applicable information reporting or tax withholding requirements imposed by Treasury Regulation § 1.468B-2(1)(2) or any other applicable law on or with respect to the Qualified Settlement Fund, and in accordance with this Settlement Agreement; and

c.      Defendant and the Settlement Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a Qualified Settlement Fund, including the relation-back election within the meaning of Treasury Regulation § 1.468B-1(j).

d.      Two weeks after the Effective Date, Defendant shall deposit $1,700,000.00 into the Qualified Settlement Fund, less the amount paid to the SMC Employed Class Members.

## 3. Settlement Administration Costs.

The Parties have selected Simpluris to administer this class action settlement. The costs of settlement administration shall be paid out of the Qualified Settlement Fund.

## 4. Releases.

### A. Class Members.

After full payment and performance by Defendant under the Agreement, for all periods up to present, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, upon the Court's Final Approval of this settlement, Class Members who do not exclude themselves from the Settlement by filing a valid and timely notice of exclusion from this Settlement, on their own behalf and on behalf of their respective current, former, and future heirs, executors, administrators, assigns, and agents, past or present, forever discharge and fully release Defendant and its current or former parent companies, subsidiaries, related or affiliated companies, and each of their respective officers, directors, shareholders, owners, employees, members, managers, fiduciaries, trustees, employee payroll administrators, principals, heirs, consultants, insurers and reinsurers, agents, attorneys, and their respective successors and predecessors in interest, assigns, subsidiaries, affiliates or related companies, and parents, and any individual or entity which could be jointly liable with Defendant (the "Released Parties") from any and all federal (including without limitation the Fair Labor Standards Act), Indiana state (including without limitation the Indiana Wage Claims, Wage Payment, and Wage Assignment Statutes), Illinois state (including without limitation the Illinois Wage Payment and Collection Act), any other state, and local law claims, debts, losses, demands, obligations, rights, liabilities, penalties, complaints, and causes of action, including, without limitation, claims for penalties, liquidated damages, compensatory damages, punitive damages, waiting time penalties, restitution, other equitable relief, or attorneys' fees and costs and that arise out of or relate to Defendant's deduction of User Fees from its employees' wages.

### B. Named Plaintiffs and FLSA Opt-In Plaintiffs.

After full payment and performance by Defendant under the Agreement, in addition to the preceding paragraph, for all periods up to and including the date of Final Approval, Named Plaintiffs and FLSA Opt-In Plaintiffs, on their own behalf and on behalf of their respective current, former, and future heirs, executors, administrators and assigns, waive, forever discharge and fully release Defendant from any and all liability for any and all claims, rights or damages, whether in law or equity, asserted or unasserted, fixed or contingent, apparent or concealed, or known or unknown, including, but not limited to: all claims which were or could have been alleged in the Action; all claims related to or arising out of the Training Agreement; all claims that arise out of deductions from wages, failure to pay overtime pay or minimum wage, or any other claim related to a failure to pay all wages due and owing; all claims under the Fair Labor Standards Act; the Indiana Wage Payment, Wage Claims, and Wage Assignment Statutes, the Illinois Wage Payment and Collection Act; any other federal, state, or local statutory laws, including all human rights laws, wage and hour laws, and laws against discrimination; any common law, contract law, or tort law cause of action; and any claims for interest, attorneys' fees, or costs; all other statutory, constitutional, contractual, or common law claims for wages, damages, restitution, unreimbursed expenses, equitable relief, penalties, liquidated damages, or punitive damages.

### C. Defendant

For all periods up to and including the date of Final Approval, Defendant, on its own behalf and on behalf of its respective current, former, and future heirs, executors, administrators and assigns, waive, forever discharge and fully release Named Plaintiffs and FLSA Opt-In Plaintiffs including their respective current, former, and future heirs, executors, administrators, assigns, and agents, past or present including but not limited to attorneys, from any and all liability for any and all claims, judgments, rights or damages, whether in law or equity, asserted or unasserted, fixed or

7

contingent, apparent or concealed, known or unknown; all claims related to or arising out of the Training Agreement; any federal, state, or local statutory laws; any common law, contract law, or tort law cause of action; and any claims for interest, attorneys' fees, or costs; all other statutory, constitutional, contractual, and/or common law claims for wages, damages, restitution, unreimbursed expenses, equitable relief, penalties, liquidated damages, or punitive damages.

In addition, one week after the Effective Date, SMC shall release the judgment entered in its favor and against Albert Palomar in the Hamilton County Indiana Superior Court 2, case number 29D02-1911-PL-010376.

**5. Timeline of Settlement Events.**

The following timeline for the Settlement events listed sets forth the actions that must be taken under this Agreement.

- Approximately two (2) weeks after signing this settlement agreement, Plaintiffs will file a motion for preliminary approval with the district court.

- The day before Plaintiffs file their Motion for Preliminary Approval, Plaintiffs will file the Third Amended Complaint attached as Exhibit A. Defendant will provide its written consent to the filing of the Third Amended Complaint, in accordance with Rule 15(a)(2).

- No later than the day before Plaintiffs file their Motion For Preliminary Approval, Plaintiff Bendicion will file a motion, pursuant to 735 ILCS 5/2-1009, asking the court in the Illinois Action to dismiss her lawsuit without prejudice.

- Twenty-one (21) days after Preliminary Approval, the Settlement Administrator will mail the Summary Notice, attached as Exhibit B, in accordance with Section IV.9 of this Agreement.

- Forty-Five (45) days after the notice is mailed is the deadline to submit requests for exclusion from the settlement.

- No later than (60) days after the date that the notice is mailed, or on another date set by the Court, Plaintiffs' Counsel shall file a Motion for Final Approval of this Settlement and Plaintiffs' Petition for Attorneys' Fees.

- Three days before the Final Approval Hearing is the deadline to submit an objection to the Settlement.

- Not more than one week after the Effective Date, SMC shall release the judgment entered in its favor and against Albert Palomar in the Hamilton County Indiana Superior Court 2, case number 29D02-1911-PL-010376.

- Not more than two weeks after the Effective Date, SMC will submit payment to the SMC Employed Class Members by direct deposit or in such other form of payment as such employees are currently paid by SMC.

- Two weeks after the Effective Date, Defendant shall deposit $1,700,000.00 into the Qualified Settlement Fund, less the amount paid to the SMC Employed Class Members. At that time, Defendant shall provide the Settlement Administrator with a list of the SMC Employed Class Members.

- Two weeks after receiving this deposit and list, the Settlement Administrator will mail settlement checks to Class Members in the amounts listed in Exhibit C who are not SMC Employed Class Members. At the same time, it will pay Class Counsel's attorneys' fees, Plaintiffs' incentive award, and pay the Settlement Administrators expenses.

DocuSign Envelope ID: 5910A01F-AF14-40B8-9FB6-3C9E0D9BC0E7

- Ninety (90) calendar days after the Settlement Administrator mails the settlement checks, Class Members must have cashed their checks. All checks not cashed by this deadline will be voided.

- Prior to the conclusion of such ninety (90) day period, Plaintiffs' Counsel may make such reasonable efforts as they deem appropriate to locate Class Members whose addresses have not been found, whose checks have been returned, and/or who have otherwise failed to cash their settlement checks to facilitate their receipt of their settlement payment prior to the expiration of such ninety (90) day period.

- If money still remains in the Settlement Fund Ninety (90) days after the Settlement Administrator mails the settlement checks, then the Settlement Administrator shall void the outstanding checks and send the remainder to Defendant.

**6. Notice/Approval of Settlement and Settlement Implementation.**

As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary court approval of the Settlement and notifying Class Members about the Settlement,

a. <u>Preliminary Approval Hearing</u>. Plaintiff shall move for Preliminary Approval of the Settlement ("Preliminary Approval" or "Order"). In conjunction with this hearing, Plaintiff will submit this Agreement, which sets forth the terms of this Settlement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement. In conjunction with the Preliminary Approval of the Settlement, Plaintiffs will also ask the Court to certify the Indiana Class and Illinois Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only. Defendants will not oppose the motion to certify the Indiana Class and Illinois Class for settlement purposes only.

b. <u>Class Member Data</u>. Fourteen (14) days after the Preliminary Approval Date, Defendant will provide the Settlement Administrator an Excel spreadsheet with the

following information about each Class Member: name, last known address, last known e-mail address, last known phone number, and social security number or EIN (to the extent Defendant has access to such information).

        c.     <u>Notice to Class Members</u>. Twenty-one (21) days after the Preliminary Approval Date, the Settlement Administrator shall send each Class Member a copy of the Summary Notice, attached hereto, via First Class regular U.S. mail and e-mail. The Summary Notice will be mailed using the most current mailing address information. Within twenty (20) calendar days of the date of the initial mailing, the Settlement Administrator shall promptly conduct a second mailing for any Class Member whose Summary Notice is returned as undelivered and for whom a forwarding address is provided by the U.S. Postal Service or through skip-tracing.

        d.     Upon completion of these steps by Class Counsel, the Parties shall be deemed to have satisfied their obligation to provide the Summary Notice to each Class Member, and such Class Member shall be bound by all terms of the Settlement and the Court's Order and Final Judgment, including the releases provided in Section 4 hereof.

    **7.**  **Procedure for Participating In, Objecting To, or Requesting Exclusion from Class Action Settlement.**

        (a)     <u>Procedure for Objecting</u>. The Summary Notice shall provide that Class Members who wish to object to the Settlement must mail a written statement to counsel for the Parties. The objection must include the basis for the Class Members' objection and must contain the Class Members' name, address, and telephone number. Such written statement must be received at least three days before the Court's Final Approval hearing. Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(b)     Procedure for Requesting Exclusion ("Opt Outs"). The Summary Notice shall provide that Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class. Such written request for exclusion must contain the name, address, telephone number, and the last four digits of the Social Security number the Class Member used when employed by the Defendant, must be returned by mail to the Settlement Administrator at a specified address, and must be postmarked no later than forty-five (45) days after the Summary Notice is mailed ("Exclusion Deadline"). Any Class Member who opts out of the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment thereon. No later than seven (7) calendar days after the Exclusion Deadline, the Settlement Administrator shall furnish to Class Counsel and Defense Counsel a complete list of all Class Members who have timely requested exclusion from the Class.

**8.  Final Settlement Approval Hearing and Entry of Final Settlement Approval.**

With the Court's permission, a Final Approval hearing shall be conducted to determine Final Approval of the Settlement along with the amount payable for the attorneys' fees and costs. Class Counsel will prepare, for Defense Counsel's review, a motion for final approval of the Settlement. Class Counsel will timely file the motion for final approval of the Settlement, which will include a proposed order: (1) granting Final Approval of the Settlement; (2) adjudging the terms of settlement to be fair, reasonable, and adequate; (3) directing the Parties to carry out the Settlement's terms and provisions, including by distributing settlement awards to Class Members; (5) approving payment of attorneys' fees, litigation expenses, and costs to Class Counsel in an amount not to exceed $500,000; (6) approving $8,000 incentive awards to the Named Plaintiffs; (7) approving payment to the Settlement Administrator for the costs of settlement administration, and (8) dismissing the case with prejudice.

12

### 9. Payments to Class Members.

(a)     Class Members will receive the settlement payments listed in Exhibit C. Ninety (90) calendar days after the Settlement Administrator mails the settlement checks, Class Members must have cashed their checks. All checks not cashed by this deadline will be voided.

(b)     Each individual settlement payment to Class Members will be reported on an IRS Form 1099. By way of clarification, the settlement payments to individual Class Members as reflected on Exhibit C hereto represent either (1) repayment of amounts previously deducted from such Class Members' paychecks during their employment with SMC and after taxes had been withheld on such payments, or (2) statutory damages under the FLSA for wages paid by SMC (subject to employment tax withholdings) allegedly subject to kickback to SMC (but not actually repaid to SMC). No portion of the settlement payment represents wages allegedly due to Class Members but unpaid by SMC, such that all employment tax withholding obligations with respect to such wages have been fulfilled.

(c)     Class Members are solely responsible to pay the appropriate individual taxes due on the Settlement Awards they receive.

### 10. Payment of Attorneys' Fees, Costs, and Incentive Awards.

(a)     Ten (10) calendar days after the Effective Date, the Settlement Administrator shall pay to Plaintiffs' attorneys from the Qualified Settlement Fund all attorneys' fees and litigation costs approved by the Court. Class Counsel shall ask the Court to award them no more than $500,000.00 as attorneys' fees and litigation costs. Any award of attorneys' fees will be paid from the $1,700,000 settlement amount.

(b)     The payment of the attorneys' fees and costs awarded to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in connection with this Action, this Settlement or any appeal,

incurred by any attorney on behalf of the Class Members with respect to the claims against the Defendant. This payment shall relieve Defendant of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses or costs to which any of them may claim to be entitled on behalf of the Class Members and which arise out of the allegations in the Action. In exchange for such payment, Class Counsel will release and forever discharge any attorneys' lien on the Qualified Settlement Fund.

(c)     Class Counsel shall apply for a "Class Representative Incentive Award" to the Class Representatives Albert Palomar, Foster Mitchell, Dante Hutton, Taylor Kirby, R. Dale Griggs, Stefani Bendicion and Matthew Bradburn in an amount not to exceed $8,000 per Named Plaintiff to be paid for their time pursuing the Action and in recovering wages on behalf of Class Members. Defendant agrees not to oppose such application. Any Class Representative Incentive Award shall be paid to the Class Representative at the same time he or she receives his or her settlement award. The Class Representative Incentive Award is separate and apart from any settlement award for which the Named Plaintiffs qualify as Class Members. The Class Representative Incentive Award will not be taxed as wages, and the Named Plaintiffs will receive a Form 1099 related to the Class Representative Incentive Award. The Named Plaintiffs agree to be solely liable for and pay all taxes on the Class Representative Incentive Awards.

## 11. Remainder Distribution.

The Settlement Administrator shall pay any portion of the Qualified Settlement Fund that is unclaimed after the second check cashing deadline to Defendant.

## 12. Nullification or Rescission of Settlement Agreement.

In the event: (i) the Court does not finally approve the Settlement as provided herein; (ii) the Court does not enter a Final Judgment which becomes final as a result of Final Approval; or (iii) the Settlement does not become final for any other reason that cannot be cured by the Parties,

then this Settlement Agreement shall be null and void, and Defendant shall be under no obligation to pay any payment under this Agreement. Further, should Final Judgment not be entered or upheld on appeal, the Parties shall not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Action as if this Agreement never existed. In such case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed. Any fees already incurred by the Settlement Administrator in the administration of the Settlement shall be shared equally between the Named Plaintiffs and the Defendant. In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Final Approval, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

Finally, the Parties agree that the filing of the Third Amended Complaint is for settlement purposes only and that Defendant shall not have any obligation to answer or otherwise respond to the Third Amended Complaint. The Parties stipulate that all material allegations of the Third Amended Complaint are deemed denied by Defendant consistent with its prior pleadings and motions filed in the Action. If the Court does not finally approve this settlement, Plaintiffs shall file a motion to withdraw their Third Amended Complaint, to which Defendant shall not object, and Stefani Bendicion may refile her claims in the Circuit Court of Cook County.

### 13. Exhibits and Headings.

The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by reference as though fully set forth herein. Any Exhibits to this Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this

Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

### 14. Interim Stay of Proceedings.

Pending the Final Approval Hearing, the Parties agree to hold in abeyance all proceedings in the Action, except proceedings necessary to implement and complete the Settlement. In this regard, the Parties stipulate that until the Settlement is either approved fully or nullified, neither party need serve or respond to responsive pleadings or motions.

### 15. CAFA Notice.

Within ten (10) days of the Parties filing a motion for preliminary approval of this Settlement, Defendant shall serve the notices required by 28 U.S.C. § 1715.

### 16. Denial of Liability.

The Parties are entering into this Agreement specifically to finally and fully resolve disputed claims. In executing this Agreement, Defendant does not admit, and hereby expressly denies, any liability to the Named Plaintiffs, the FLSA Opt-In Plaintiffs, or the Class Members for any matter alleged or claimed in this Action, in the Illinois Action, or with respect to any other matter.

### 17. Amendment or Modification.

This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

### 18. Entire Agreement.

This Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

DocuSign Envelope ID: F910401F-AE1A-49BB-9E96-866C9D6BC0F7

### 19. Authorization to Enter Into Settlement Agreement.

Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the respective Parties to the terms and conditions set forth herein. In the event that the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

### 20. Binding on Successors and Assigns.

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

### 21. No Prior Assignments.

The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

### 22. Extension of Time.

The parties may, by mutual agreement, agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice to the Court, subject to Court approval.

**23. Indiana Law Governs.**

All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Indiana, except as to any issues governed by federal law.

**24. Counterparts.**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**25. Jurisdiction of the Court.**

The Court shall retain exclusive jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**26. Cooperation and Drafting.**

Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

**27. Invalidity of Any Provision.**

Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

[SIGNATURE PAGE FOLLOWS]

DocuSign Envelope ID: B6EA17D4-6C0E-4779-B3BF-BA6A25EF6543

**NAMED PLAINTIFFS AND**
**PLAINTIFFS' COUNSEL**

DATED: Dec. 4 , 2023.

**PLAINTIFFS' COUNSEL**

By: _____
        ROBERT KONDRAS
        Attorney for Plaintiffs

DATED: 11/28/2023 , 2023.

PLAINTIFF ALBERT PALOMAR

_____
Albert Palomar
403A7A3C3A3F46C...

DATED: 11/28/2023 , 2023.

PLAINTIFF FOSTER MITCHELL

_____
Foster Mitchell
3B828B8CFBEA4E7...

DATED: 11/28/2023 , 2023.

PLAINTIFF DANTE HUTTON

_____
Dante Hutton
8F6282FAEA84411...

DATED: 12/1/2023 , 2023

PLAINTIFF TAYLOR KIRBY

_____
Taylor Kirby
F6408719CF7A4EB...

DATED: 11/28/2023 , 2023

PLAINTIFF R. DALE GRIGGS

_____
R. Dale Griggs
18391215CF9746B...

DocuSign Envelope ID: B6EA17D4-6C0E-4779-B3BF-BA6A25EF6543

DATED: 12/4/2023 , 2023          PLAINTIFF MATTHEW BRADBURN

_____

Matthew Bradburn

DATED: 12/4/2023 , 2023          PLAINTIFF STEFANI BENDICION

_____

Stefani Bendicion

**DEFENDANT**

DATED: _____, 2023.          SMC CORPORATION OF AMERICA


By: _____


_____

**<u>DEFENDANT</u>**

DATED: _____, 2023.

12/5/2023 | 2:17 AM EST

SMC CORPORATION OF AMERICA

By: _____

President

_____